IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DALE TOBIN,                                  :

          Petitioner,                        :
                                                   Case No. 3:08-cv-433
     vs.                                     :
                                                   JUDGE WALTER HERBERT RICE
ED BANKS,                                    :

          Respondent                         :

---

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF THE MAGISTRATE JUDGE (DOC. #12) IN ITS ENTIRETY, AND
OVERRULING PETITIONER'S OBJECTIONS THERETO (DOC. #17);
DENYING PETITION FOR WRIT OF HABEAS CORPUS (DOC. #2);
JUDGMENT TO ENTER IN FAVOR OF RESPONDENT AND AGAINST
PETITIONER; REQUEST FOR CERTIFICATE OF APPEALABILITY AND
REQUEST TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION
ENTRY

---

Based on the reasoning and citations of authority set forth in the Report and

Recommendations of the United States Magistrate Judge, filed October 4, 2011

(Doc. #12), as well as upon a thorough *de novo* review of this Court's file and the

applicable law, said judicial filing is adopted in its entirety.  Petitioner's objections

(Doc. #17) to said judicial filing are overruled, and his Petition for a Writ of Habeas

Corpus (Doc. #2) is denied and dismissed.

The Court's conclusion is further bolstered by the Sixth Circuit's recent decision in *Ruhlman v. Brunsman*, 664 F.3d 615, 2011 WL 6441210 (6th Cir. Dec. 23, 2011). Like Petitioner, Ruhlman was convicted and sentenced for sex crimes involving children. While their direct appeals were pending, the Supreme Court of Ohio decided *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), severing that portion of the state sentencing statute that required judicial factfinding before the imposition of a greater than minimum sentence, and applying its ruling to all cases pending on direct review. Consistent with that opinion, the appellate courts remanded the cases for resentencing. Both Ruhlman and Petitioner were resentenced to the same terms of imprisonment previously imposed.

In their habeas petitions, both argued that retroactive application of the decision in *Foster* violates the Ex Post Facto and Due Process Clauses of the United States Constitution because Ohio courts are now free to impose a sentence anywhere in the statutory range without making specific findings of fact. Both argued that this operates to their disadvantage and effectively forecloses appellate review.

In *Ruhlman*, however, the Sixth Circuit held that the Ex Post Facto Clause does not apply to the judiciary, and that, even if it did, "*Foster* did not alter the nature of the conduct for which Ruhlman was convicted nor the range of punishment he faced under O.R.C. § 2929.14(A)(2)." *Ruhlman*, 2011 WL

2

6441210, at *3. In addition, the court rejected Ruhlman's due process argument, noting that "*Foster* did not alter the applicable sentencing range for attempted rape, which has consistently been two to eight years." *Id.* at *4.[1] Finally, the court rejected Ruhlman's argument that, by severing the requirement that a court list, on the record, its reasons for imposing a maximum sentence, *Foster* eliminated any meaningful appellate review. The court noted that, under Ohio law, Ruhlman still has the right to challenge sentences that are "contrary to law." *Id.* at *7. The Sixth Circuit's decision in *Ruhlman* further deflates Petitioner's arguments in this case.

Given that Petitioner has not made a substantial showing of the denial of a constitutional right and, further, that the Court's decision herein would not be debatable among reasonable jurists, and because any appeal from this Court's decision would be objectively frivolous, Petitioner is denied a certificate of appealability and denied leave to appeal *in forma pauperis*.

Judgment will be entered accordingly, in favor of Respondent and against Petitioner, denying the Petition for a Writ of Habeas Corpus.

---

[1] Because Ruhlman had previously served a prison term, he was always subject to a sentence greater than two years. The court acknowledged, however, that "[i]t is possible that a defendant who served no prior prison term, who is sentenced to a greater-than-minimum term notwithstanding the absence of any of the statutory factors that were necessary to support a greater-than-minimum sentence pre-*Foster* could support an *ex-post-facto*-type due process claim." *Ruhlman*, 2011 WL 6441210, at *7.

This case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

Date: January 30, 2012

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:    Counsel of Record